# EXHIBIT A



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED _____
VERIFIED _____ _____

## Civil Process Pick-Up Form

### CAUSE NUMBER: 2016-72099

ATY _____✓_____     CIV _____     COURT _215_

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: Willoughby, Joshua          * PH: 281-865-6684 |
| *CIVIL PROCESS SERVER: _____ |
| *PH: _____ |
| *PERSON NOTIFIED SVC READY: _____ |
| * NOTIFIED BY: J. Sawyer |
| *DATE: 11-11-16 |

Type of Service Document: _cit_          Tracking Number 73310194
Type of Service Document: _____          Tracking Number _____
Type of Service Document: _____          Tracking Number _____
Type of Service Document: _____          Tracking Number _____
Type of Service Document: _____          Tracking Number _____
Type of Service Document: _____          Tracking Number _____
Type of Service Document: _____          Tracking Number _____

**Process papers prepared by:** *Carla Carrillo*

**Date:** 11/11 2016     **30 days waiting** ___-___-___

*Process papers released to: Joshua Q Willoughby
(PRINT NAME)
713-720-1356
*(CONTACT NUMBER)          (SIGNATURE)

*Process papers released by: _____
**Iris Collins**
(PRINT NAME)

Iris Collins
(SIGNATURE)

* Date: 11/14/16 , 2016 Time: 12:30 AM /PM

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

**Entire document must be completed**     **(do not change this document)** Revised 1/9/2015

Unofficial Copy Office of Chris Daniel District Clerk

11/7/2016 3:42:10 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13663486
By: Carla Carrillo
Filed: 11/7/2016 3:42:10 PM

CAUSE NUMBER: 2016-72099

| | | |
|---|---|---|
| SANDRA ALMAGUER, | § | IN THE DISTRICT COURT |
| ELULALIO ALMAGUER, | § | |
| INDIVIDUALLY AND NEXT | § | |
| OF FRIEND OF ALISSA | § | |
| ALMAGUER, A MINOR | § | |
| | § | |
| Vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DAVID T. GALLOWICH, | § | |
| COPELAND TRUCKING CO., | § | |
| CRST MALONE, INC. | § | 215th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, Sandra Almaguer, Elulalio Almaguer, Invidually and Next Friend of Alissa Almaguer, a Minor, "plaintiffs," complaining of David Timothy Gallowich, Copeland Trucking, and CRST Malone, Inc, "defendants," and for cause of action would show the following:

I.

DISCOVERY LEVEL

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, discovery is intended in this lawsuit to be conducted under Level 3.

II.

PARTIES

Plaintiffs Sandra, Elulalio, and Alissa Almaguer were residents of the State of Texas at the time of the collision made the basis of this suit.

Defendant David Timothy Gallowich is a resident of Houston, Texas. This defendant may be served with citation at 887 Hunters Trail Grove, OK 74344

Defendant, Copeland Trucking Co., is an entity doing business in the State of Texas. This defendant may be served with citation by serving David A. Copeland, its registered agent for service of process, at 13900 S. Meridian Oklahoma City, Oklahoma 73173

Defendant CRST Malone, Inc., is an entity doing business in the State of Texas. This defendant can be served with citation by serving National Corporate Research LD, Inc, its registered agent for service of process, at 2094 Myrtlewood Drive. Montgomery, AL 36111. Plaintiff specifically invokes the right to institute this suit against whatever person or entity was conducting business using the assumed or common name of "COPELAND TRUCK CO.," with regard to the events described in this petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

Plaintiff specifically invokes the right to institute this suit against whatever person or entity was conducting business using the assumed

or common name of "CRST MALONE, Inc., with regard to the events described in this petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

Plaintiff respectfully request that citation be issued against the defendants.

## III.

## VENUE

Venue is proper in Harris County, Texas under § 15.002(a)(1) of the TEX. CIV. PRAC. & REM. CODE ("the Code") because all or a substantial part of the events or omissions giving rise to the claim made the basis of this lawsuit occurred in Harris County, Texas.

The court has jurisdiction over Defendants' pursuant to section 17.042 of the Texas Civil Practice and Remedies Code because Defendant conducted business in the State of Texas and committed a tort in whole or in part in the State of Texas. The Court has jurisdiction over the controversy because the damages sued for are within the jurisdictional limits of this court.

## IV.

## FACTUAL BACKGROUND

On or about June 20, 2016, Plaintiffs, Sandra, Elulalio and Alissa Almaguer were in their 2007 Red, Nissan Versa. Mrs. Sandra Almaguer had just picked up Mr. Elulalio from a hard day's work, and the family was on their way to dinner.  Mrs. Sandra Almaguer was driving the family's Nissan Versa, Mr. Elulalio Almaguer was in the passenger seat, and their daughter, Alissa Almaguer was in the rear passenger seat. The Almaguer's were traveling west bound on Wallisville Rd, in the #1 lane. Mr. David Timothy Gallowich, while in the course and scope of his employment for CRST Malone Inc., was driving a Blue, 2016 Kenworth 18-Wheeler, owned by Copeland Trucking Co.,. Mr. David Timothy Gallowich was driving in the outside lane, lane #2, which was a non-turn lane. Mr. Timothy David Gallowich, while driving the 18-wheeler, turned from the improper lane, and traveled across lane # 1, causing the Almaguer family to crash into the side of the trailer. The Almaguer's family car was stuck under the 18 wheeler, and was dragged for a while, before Mr. Timothy David Gallowich came a stop. Due to the collision caused by defendants' negligence, the Plaintiff's suffered serious bodily injuries. In addition, the Plaintiffs vehicle was severely damaged.

V.

CAUSE OF ACTION: NEGLIGENCE

On information and belief, on the occasion of question defendant Mr. David Timothy Gallowich was negligent or negligent *per se* in one or more of the following:

1.    Failing to keep a proper lookout;

2.    Driving in the wrong lane or in an improper direction;

3.    Failing to control the speed of her vehicle;

4.    Failing to brake or timely brake;

5.    Failing to steer to the left or right to avoid collision;

6.    Making a turn from an improper / non turn lane;

7.    Failing to timely sound his horn; or

8.    Failing to yield the right-of-way to plaintiff's vehicle.

Defendant's negligence was a proximate cause of the incident made the basis of this lawsuit and the damages sustained by plaintiffs.

On information and belief, defendant CRST Malone Inc., or defendant Copeland Trucking Co., is liable under the doctrine of *respondeat superior* because, at the time of the negligence of defendant Mr. David Timothy Gallowich, was acting in the course and scope of his employment with defendant CRST Malone Inc., or defendant Copeland Trucking Co., or was engaged in a joint venture with one or both of them, or was operating under the permit or authority of one or both of them.

In addition, on information and belief the conduct of defendant CRST Malone Inc., or defendant Copeland Trucking Co., was a proximate cause of the crash made the basis of this suit. On the occasion in question, based upon information and belief one or both defendants were negligent or negligent *per se* in one or more of the following:

1. In failing to ensure and enforce proper road safety rules and regulations for operators of its commercial vehicles;

2. In failing to properly supervise its employees or drivers to ensure their compliance with road safety rules and regulations;

3. In failing to properly train its employees or drivers in regarding driving safety and avoidance of collisions;

4. In failing to exercise reasonable care when hiring its employees or drivers; or

5. In negligently entrusting commercial trucks to unsafe, inadequately trained, or inexperienced employees.

Plaintiffs would show that the negligence of one or all defendants was a proximate cause of the incident made the basis of this suit and plaintiff's damages.

## VI.

## DAMAGES

As a result of the incident, plaintiffs were injured and brings this suit for the following damages:

1. Past or future physical pain and mental anguish;

2. Past or future physical impairment;

3.    Past or future medical expenses; or

4.    Monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. The specific amount plead is within the jurisdictional limits of the court.

## VII.

## PRESERVATION OF EVIDENCE

Plaintiffs hereby requests and demands that defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, recordings, business or medical records, bills, estimates, invoices, checks, measurements, equipment, vehicles, correspondence, memoranda, files, facsimiles, email, voice mail, text messages, any and all contents of the tractor involved; any item which has already been removed from the tractor; any vehicle which was involved in the collision (including the tractor); investigation (including the findings or results of any Catastrophic Accident Team); cellular telephone records; call slips and telephone messages; calendar entries; diary entries; Qualcomm or any GPS, text messaging, or email service; all computerized tracking information; log books; the ECM (or any "black box") and any related

data; any incident report; all driver's files concerning the application, training, and periodic review of the driver; any bill of lading or shipping document; receipts for food, fuel, and lodging for the trip; all dispatch records, trip sheets, and pay checks relating to the trip the driver was on at the time of the incident in question; COMDATA or fuel card transactions; telephone calling card transactions; vouchers; weigh station records; memoranda; repair and maintenance records for the tractor and trailer (for a period of six months prior to the incident); the driver qualification file of the driver involved in the incident made the basis of this lawsuit; payroll records; all documents and reports relating to the company's drug and alcohol testing program; all company policies and guidelines relating to training and safety; all reports regarding incidents involving the driver or the company for the last three years; all periodic inspection reports for the tractor and trailer involved in this incident for the two years prior to the incident; accident registers; tickets or citations of the driver; repair estimates and bills; insurance policies; witness statements; records relating to company retention policies; tools or equipment used to secure the load on the trailer involved in this incident; any contracts, leases, and agreements involving the truck, trailer, or driver involved in the incident made the basis of this lawsuit; and any electronic image, data, or information related to the referenced

collision.  Failure to maintain such items will constitute a "spoliation" of the evidence.

## VIII.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194.1 *et seq*. of the Texas Rules of Civil Procedure, plaintiff hereby requests each defendant to disclose the information or material described in Rule 194.2(a) through Rule 194.2(l) of the Texas Rules of Civil Procedure, to wit:

Rule 194.2(a):	The correct names of the parties to the lawsuit;

Rule 194.2(b):	The name, address, and telephone number of any potential parties;

Rule 194.2(c):	The legal theories and, in general, the factual bases of the responding party's claims or defenses;

Rule 194.2(d):	The amount and any method of calculating economic damages;

Rule 194.2(e):	The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

Rule 194.2(f):	For any testifying expert:

(1)	The expert's name, address, and telephone number;

(2)	The subject matter on which the expert will testify;

(3)	The general substance of the

expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

(4)    If the expert is retained by, employed by, or otherwise subject to the control of the responding party:

A. All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

B. The expert's current resume and bibliography;

Rule 194.2(g):    Any discoverable indemnity and insuring agreements;

Rule 194.2(h):    Any discoverable settlement agreements;

Rule 194.2(i):    Any discoverable witness statements;

Rule 194.2(j):    All medical records and bills that are reasonably related to the injuries or damages asserted;

Rule 194.2(k):    Any medical records and bills obtained by you by virtue of an authorization furnished by any plaintiff to this lawsuit;

Rule 194.2(l):    The name, address, and telephone number of any person who may be designated as a responsible third party.

Pursuant to Rule 194.3(a) of the Texas Rules of Civil Procedure, the

responses to this request for disclosure to each defendant shall be due 50 days after the service of this request upon each defendant.

Wherefore, premises considered, plaintiff prays that defendants be cited to appear and answer herein, and that plaintiff have and recover from defendants, jointly and severally, her actual damages in a sum within the jurisdictional limits of the Court, together with prejudgment interest, post-judgment interest, costs of Court, and such other and further relief, at law and in equity, to which plaintiff may be justly entitled.

Respectfully submitted,

THE WILLOUGHBY LAW FIRM

By: /s/ Joshua R. Willoughby
      Joshua R. Willoughby
      Texas Bar Number: 24058762
      4200 Montrose Blvd, Suite 540
      Houston, Texas  77006
      Telephone: (713) 222 − 1356
      Telecopier: (713) 277 − 7166
      attorneyjrw@gmail.com

ATTORNEY FOR PLAINTIFF

11/7/2016 3:42:10 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 13663486
By: CARRILLO, CARLA E
Filed: 11/7/2016 3:42:10 PM

## CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: 2016-72099     CURRENT COURT: 215m.

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Amended Petition

FILE DATE OF MOTION: November 7, 2016
                          Month/     Day/     Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: CRST Malone, Inc.

   ADDRESS: 2094 Myrtle Drive, Montgomery AL 36118

   AGENT, (if applicable): National Corporate Research, LTD. Inc.

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

SERVICE BY (check one):
☑ ATTORNEY PICK-UP                    ☐ CONSTABLE
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
☐ MAIL                                ☐ CERTIFIED MAIL
☐ PUBLICATION:
   Type of Publication:   ☐ COURTHOUSE DOOR,  or
                          ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, explain _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
☐ MAIL                                ☐ CERTIFIED MAIL
☐ PUBLICATION:
   Type of Publication:   ☐ COURTHOUSE DOOR,  or
                          ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, explain _____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Joshua R. Willoughby          TEXAS BAR NO./ID NO. 24058762

MAILING ADDRESS: 4200 Montrose Blvd Suite 540 Houston, TX 77006

PHONE NUMBER: 713    222-1356      FAX NUMBER: 713    277-7166
              area code   phone number              area code   fax number

EMAIL ADDRESS: AttorneyJRW@gmail.com

Unofficial Copy Office of Chris Daniel District Clerk

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO
CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.
SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
___X___ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO: _____
                              (specify)

    MOTION TO: _____
                              (specify)

PROCESS TYPES:

NON WRIT: X
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Unofficial Copy Office of Chris Daniel Distri

CIVC109 Revised 0/2/00

CONFIRMED FILE DATE: 10/25/2016



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED _____
VERIFIED ___ *ILC*

## Civil Process Pick-Up Form

### CAUSE NUMBER: 2016 - 72099

ATY ___✓___          CIV _____          COURT __215__

---

**REQUESTING ATTORNEY/FIRM NOTIFICATION**

*ATTORNEY: Willoughby, Joshua          * PH: 281 - 865 - 6684

*CIVIL PROCESS SERVER: _____

*PH: _____

*PERSON NOTIFIED SVC READY: Joshua _____

* NOTIFIED BY: Jacob Blessing _____

*DATE: 10/26/2016

---

Type of Service Document: _____     Tracking Number 73303299
Type of Service Document: _____     Tracking Number 73303288
Type of Service Document: _____     Tracking Number 73303307
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____

**Process papers prepared by:** *Carla Carrillo*

**Date:** __10/25__ **2016**     **30 days waiting** _____-_____-_____

---

*Process papers released to: Joshua Q. Willough
__281-865-6684__                    (PRINT NAME)
*(CONTACT NUMBER)                   (SIGNATURE)

*Process papers released by: Shaniece Richardson
                            (PRINT NAME)
                            SRichardson
                            (SIGNATURE)

* Date: __10/26__ , 2016  Time: __11:16__ (AM)/ PM

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

**Entire document must be completed     (do not change this document)** Revised 1/9/2015

10/20/2016 12:54:12 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13348433
By: Nelson Cuero
Filed: 10/20/2016 12:54:12 PM

# 2016-72099 / Court: 215

## CAUSE NUMBER: _____

| | | |
|---|---|---|
| SANDRA ALMAGUER, | § | IN THE DISTRICT COURT |
| ELULALIO ALMAGUER, | § | |
| INDIVIDUALLY AND NEXT | § | |
| OF FRIEND OF ALISSA | § | |
| ALMAGUER, A MINOR | § | |
| | § | |
| Vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DAVID T. GALLOWICH, | § | |
| COPELAND TRUCKING CO., | § | |
| CRST MALONE, INC. | § | ___ JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, Sandra Almaguer, Elulalio Almaguer, Invidually and Next Friend of Alissa Almaguer, a Minor, "plaintiffs," complaining of David Timothy Gallowich, Copeland Trucking, and CRST Malone, Inc, "defendants," and for cause of action would show the following:

### I.

### DISCOVERY LEVEL

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, discovery is intended in this lawsuit to be conducted under Level 3.

### II.

### PARTIES

Plaintiffs Sandra, Elulalio, and Alissa Almaguer were residents of the State of Texas at the time of the collision made the basis of this suit.

Defendant David Timothy Gallowich is a resident of Houston, Texas. This defendant may be served with citation at 887 Hunters Trail Grove, OK 74344

Defendant, Copeland Trucking Co., is an entity doing business in the State of Texas. This defendant may be served with citation by serving David A. Copeland, its registered agent for service of process, at 13900 S. Meridian Oklahoma City, Oklahoma 73173

Defendant CRST Malone, Inc., is an entity doing business in the State of Texas. This defendant can be served with citation by serving Larry L. Fry, its registered agent for service of process, at 1901 Floyd Bradford Road Trussville, Alabama 35173. Plaintiff specifically invokes the right to institute this suit against whatever person or entity was conducting business using the assumed or common name of "COPELAND TRUCK CO.," with regard to the events described in this petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

Plaintiff specifically invokes the right to institute this suit against whatever person or entity was conducting business using the assumed

or common name of "CRST MALONE, Inc., with regard to the events described in this petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

Plaintiff respectfully request that citation be issued against the defendants.

### III.

### VENUE

Venue is proper in Harris County, Texas under § 15.002(a)(1) of the TEX. CIV. PRAC. & REM. CODE ("the Code") because all or a substantial part of the events or omissions giving rise to the claim made the basis of this lawsuit occurred in Harris County, Texas.

The court has jurisdiction over Defendants' pursuant to section 17.042 of the Texas Civil Practice and Remedies Code because Defendant conducted business in the State of Texas and committed a tort in whole or in part in the State of Texas. The Court has jurisdiction over the controversy because the damages sued for are within the jurisdictional limits of this court.

### IV.

### FACTUAL BACKGROUND

On or about June 20, 2016, Plaintiffs, Sandra, Elulalio and Alissa Almaguer were in their 2007 Red, Nissan Versa. Mrs. Sandra Almaguer had just picked up Mr. Elulalio from a hard day's work, and the family was on their way to dinner.  Mrs. Sandra Almaguer was driving the family's Nissan Versa, Mr. Elulalio Almaguer was in the passenger seat, and their daughter, Alissa Almaguer was in the rear passenger seat. The Almaguer's were traveling west bound on Wallisville Rd, in the #1 lane. Mr. David Timothy Gallowich, while in the course and scope of his employment for CRST Malone Inc., was driving a Blue, 2016 Kenworth 18-Wheeler, owned by Copeland Trucking Co.,. Mr. David Timothy Gallowich was driving in the outside lane, lane #2, which was a non-turn lane. Mr. Timothy David Gallowich, while driving the 18-wheeler, turned from the improper lane, and traveled across lane # 1, causing the Almaguer family to crash into the side of the trailer. The Almaguer's family car was stuck under the 18 wheeler, and was dragged for a while, before Mr. Timothy David Gallowich came a stop. Due to the collision caused by defendants' negligence, the Plaintiff's suffered serious bodily injuries. In addition, the Plaintiffs vehicle was severely damaged.

## V.

## CAUSE OF ACTION: NEGLIGENCE

On information and belief, on the occasion of question defendant Mr. David Timothy Gallowich was negligent or negligent *per se* in one or more of the following:

1.      Failing to keep a proper lookout;

2.      Driving in the wrong lane or in an improper direction;

3.      Failing to control the speed of her vehicle;

4.      Failing to brake or timely brake;

5.      Failing to steer to the left or right to avoid collision;

6.      Making a turn from an improper / non turn lane;

7.      Failing to timely sound his horn; or

8.      Failing to yield the right-of-way to plaintiff's vehicle.

Defendant's negligence was a proximate cause of the incident made the basis of this lawsuit and the damages sustained by plaintiffs.

On information and belief, defendant CRST Malone Inc., or defendant Copeland Trucking Co., is liable under the doctrine of *respondeat superior* because, at the time of the negligence of defendant Mr. David Timothy Gallowich, was acting in the course and scope of his employment with defendant CRST Malone Inc., or defendant Copeland Trucking Co., or was engaged in a joint venture with one or both of them, or was operating under the permit or authority of one or both of them.

In addition, on information and belief the conduct of defendant CRST Malone Inc., or defendant Copeland Trucking Co., was a proximate cause of the crash made the basis of this suit. On the occasion in question, based upon information and belief one or both defendants were negligent or negligent *per se* in one or more of the following:

1.    In failing to ensure and enforce proper road safety rules and regulations for operators of its commercial vehicles;

2.    In failing to properly supervise its employees or drivers to ensure their compliance with road safety rules and regulations;

3.    In failing to properly train its employees or drivers in regarding driving safety and avoidance of collisions;

4.    In failing to exercise reasonable care when hiring its employees or drivers; or

5.    In negligently entrusting commercial trucks to unsafe, inadequately trained, or inexperienced employees.

Plaintiffs would show that the negligence of one or all defendants was a proximate cause of the incident made the basis of this suit and plaintiff's damages.

## VI.

## DAMAGES

As a result of the incident, plaintiffs were injured and brings this suit for the following damages:

1.    Past or future physical pain and mental anguish;

2.    Past or future physical impairment;

3.   Past or future medical expenses; or

4.   Monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. The specific amount plead is within the jurisdictional limits of the court.

## VII.

## PRESERVATION OF EVIDENCE

Plaintiffs hereby requests and demands that defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, recordings, business or medical records, bills, estimates, invoices, checks, measurements, equipment, vehicles, correspondence, memoranda, files, facsimiles, email, voice mail, text messages, any and all contents of the tractor involved; any item which has already been removed from the tractor; any vehicle which was involved in the collision (including the tractor); investigation (including the findings or results of any Catastrophic Accident Team); cellular telephone records; call slips and telephone messages; calendar entries; diary entries; Qualcomm or any GPS, text messaging, or email service; all computerized tracking information; log books; the ECM (or any "black box") and any related

data; any incident report; all driver's files concerning the application, training, and periodic review of the driver; any bill of lading or shipping document; receipts for food, fuel, and lodging for the trip; all dispatch records, trip sheets, and pay checks relating to the trip the driver was on at the time of the incident in question; COMDATA or fuel card transactions; telephone calling card transactions; vouchers; weigh station records; memoranda; repair and maintenance records for the tractor and trailer (for a period of six months prior to the incident); the driver qualification file of the driver involved in the incident made the basis of this lawsuit; payroll records; all documents and reports relating to the company's drug and alcohol testing program; all company policies and guidelines relating to training and safety; all reports regarding incidents involving the driver or the company for the last three years; all periodic inspection reports for the tractor and trailer involved in this incident for the two years prior to the incident; accident registers; tickets or citations of the driver; repair estimates and bills; insurance policies; witness statements; records relating to company retention policies; tools or equipment used to secure the load on the trailer involved in this incident; any contracts, leases, and agreements involving the truck, trailer, or driver involved in the incident made the basis of this lawsuit; and any electronic image, data, or information related to the referenced

collision.  Failure to maintain such items will constitute a "spoliation" of the evidence.

## VIII.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194.1 *et seq.* of the Texas Rules of Civil Procedure, plaintiff hereby requests each defendant to disclose the information or material described in Rule 194.2(a) through Rule 194.2(l) of the Texas Rules of Civil Procedure, to wit:

| | |
|---|---|
| Rule 194.2(a): | The correct names of the parties to the lawsuit; |
| Rule 194.2(b): | The name, address, and telephone number of any potential parties; |
| Rule 194.2(c): | The legal theories and, in general, the factual bases of the responding party's claims or defenses; |
| Rule 194.2(d): | The amount and any method of calculating economic damages; |
| Rule 194.2(e): | The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case; |
| Rule 194.2(f): | For any testifying expert: |

    (1)    The expert's name, address, and telephone number;

    (2)    The subject matter on which the expert will testify;

    (3)    The general substance of the

expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

(4)    If the expert is retained by, employed by, or otherwise subject to the control of the responding party:

A. All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

B. The expert's current resume and bibliography;

Rule 194.2(g):    Any discoverable indemnity and insuring agreements;

Rule 194.2(h):    Any discoverable settlement agreements;

Rule 194.2(i):    Any discoverable witness statements;

Rule 194.2(j):    All medical records and bills that are reasonably related to the injuries or damages asserted;

Rule 194.2(k):    Any medical records and bills obtained by you by virtue of an authorization furnished by any plaintiff to this lawsuit;

Rule 194.2(l):    The name, address, and telephone number of any person who may be designated as a responsible third party.

Pursuant to Rule 194.3(a) of the Texas Rules of Civil Procedure, the

responses to this request for disclosure to each defendant shall be due 50 days after the service of this request upon each defendant.

Wherefore, premises considered, plaintiff prays that defendants be cited to appear and answer herein, and that plaintiff have and recover from defendants, jointly and severally, her actual damages in a sum within the jurisdictional limits of the Court, together with prejudgment interest, post-judgment interest, costs of Court, and such other and further relief, at law and in equity, to which plaintiff may be justly entitled.

Respectfully submitted,

THE WILLOUGHBY LAW FIRM

By: /s/ *Joshua R. Willoughby*
       Joshua R. Willoughby
       Texas Bar Number: 24058762
       4200 Montrose Blvd, Suite 540
       Houston, Texas  77006
       Telephone: (713) 222 – 1356
       Telecopier: (713) 277 – 7166
       attorneyjrw@gmail.com

ATTORNEY FOR PLAINTIFF

Unofficial Copy Office of Chris Daniel District Clerk

10/20/2016 12:54:12 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 13348433
By: CUERO, NELSON
Filed: 10/20/2016 12:54:12 PM

**2016-72099 / Court: 215**

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Joshua R. Willoughby<br><br>Address:<br>4200 Montrose Blvd.<br>Suite 540<br><br>City/State/Zip:<br>Houston, TX<br><br>Signature: | Email:<br>AttorneyJRW@gmail.com<br><br>Telephone:<br>(713) 222-1356<br><br>Fax:<br>(713) 277.7166<br><br>State Bar No:<br>24058762 | Plaintiff(s)/Petitioner(s):<br>Sandra Almaguer, Eulalio Almaguer and Alissa Almaguer, Minor<br>_____<br>_____<br>Defendant(s)/Respondent(s):<br>David T. Gallowich, Copeland Trucking Co. & CRST Malone, Inc.<br><br>[Attach additional page as necessary to list all parties] | ☑ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☑ Other:<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____<br>Non-Custodial Parent:<br>_____<br>Presumed Father:<br>_____ |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br>_____<br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br>_____<br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☒ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: _____ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child:<br>_____ |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

Unofficial Copy Office of Chris Daniel District Clerk



☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

10/20/2016 12:54:12 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 13348433
By: CUERO, NELSON
Filed: 10/20/2016 12:54:12 PM

2016-72099 / Court: 215

CIVIL PROCESS REQUEST FORM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):** Plaintiff's Original Petition

**FILE DATE OF MOTION:** October 20, 2016
              Month/   Day/   Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. NAME: David Timothy Gallowich

    ADDRESS: 887 Hunters Trail Grove, OK 74344

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):** Citation

**SERVICE BY (check one):**
- ☒ **ATTORNEY PICK-UP**      ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up:     Phone: _____
- ☐ **MAIL**      ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:   ☐ **COURTHOUSE DOOR,** or
                   ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** explain _____

**ATTENTION: Effective June1, 2010**

For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2. NAME: Copeland Trucking &

    ADDRESS: 13900 S. Meridian    Oklahoma City, Oklahoma 73173

    AGENT, (if applicable): David A. Copeland

**TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):** Citation

**SERVICE BY (check one):**
- ☒ **ATTORNEY PICK-UP**      ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____
- ☐ **MAIL**      ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:   ☐ **COURTHOUSE DOOR,** or
                   ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Joshua R. Willoughby    TEXAS BAR NO./ID NO. 24058762

MAILING ADDRESS: 4200 Montrose Blvd. Suite 540 Houston, TX 77006

PHONE NUMBER: (713) 222-1356    FAX NUMBER: (713) 277-7166
          area code    phone number            area code    fax number

EMAIL ADDRESS: AttorneyJRW@gmail.com

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form      Rev. 5/7/10

Unofficial Copy Office of Chris Daniel District Clerk

10/20/2016 12:54:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 13348433
By: CUERO, NELSON
Filed: 10/20/2016 12:54:00 PM

2016-72099 / Court: 215

CIVIL PROCESS REQUEST FORM

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition

**FILE DATE OF MOTION:** _____ October 20, 2016
Month/ Day/ Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: CRST Malone, Inc.
   ADDRESS: 1901 Floyd Bradford Road, Trussville, Alabama 35173
   AGENT, (if applicable): Larry L. Fry
   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

   **SERVICE BY** (check one):
   ☒ ATTORNEY PICK-UP              ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
   ☐ MAIL                          ☐ CERTIFIED MAIL
   ☐ PUBLICATION:
       Type of Publication:   ☐ COURTHOUSE DOOR, or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

**ATTENTION: Effective June1, 2010**

For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the
Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage
for mail back. Thanks you,

*****************************************************************************************

2. NAME: _____
   ADDRESS: _____
   AGENT, (if applicable): _____
   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

   **SERVICE BY** (check one):
   ☐ ATTORNEY PICK-UP              ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
   ☐ MAIL                          ☐ CERTIFIED MAIL
   ☐ PUBLICATION:
       Type of Publication:   ☐ COURTHOUSE DOOR, or
                              ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Joshua R. Willoughby     TEXAS BAR NO./ID NO. 24058762
MAILING ADDRESS: 4200 Montrose Blvd. Suite 540   Houston, TX 77006
PHONE NUMBER: (713) 222-1356     FAX NUMBER: (713) 277-7166
              area code  phone number                  area code  fax number
EMAIL ADDRESS: AttorneyJRW@gmail.com

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____     AMENDED PETITION
_____     SUPPLEMENTAL PETITION

COUNTERCLAIM
_____     AMENDED COUNTERCLAIM
_____     SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____     AMENDED CROSS-ACTION
_____     SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____     AMENDED THIRD-PARTY PETITION
_____     SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____     AMENDED INTERVENTION
_____     SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____     AMENDED INTERPLEADER
_____     SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
   ORDER TO: _____
                          (specify)
   MOTION TO: _____
                          (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS